**Michael Fuller, OSB No. 09357**
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**Kelly D. Jones, OSB No. 074217**
kellydonovanjones@gmail.com
Direct 503-847-4329

Of Attorneys for Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**JOEL PAUL HURLIMAN TERESA JEAN HURLIMAN-MADEIRA**<br><br>    Debtors<br><br>---<br><br>**JOEL PAUL HURLIMAN**<br><br>    Plaintiff<br><br>vs<br><br>**21ST MORTGAGE CORPORATION**<br><br>    Defendant | Case No. 18-62376-dwh7<br><br>Adv. Proc. No.<br><br>**COMPLAINT** |

**COMPLAINT** – Page 1 of 8

1.

## JURISDICTION AND THE PARTIES

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1334 because plaintiff's claim for relief arises under the Bankruptcy Code, including 11 U.S.C. §§ 105, 362, 365, 521, and 524.

2.

The Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000 including attorney fees.

3.

The Court has jurisdiction under 28 U.S.C. § 1367 because plaintiff's claim for relief based on applicable state law forms part of the same controversy as his claim for relief arising under the Bankruptcy Code.

4.

Plaintiff is an individual and a citizen of Oregon.

5.

Defendant is a corporation and a citizen of Delaware.

6.

## FACTUAL ALLEGATIONS

On October 11, 2001, plaintiff and defendant entered an agreement for a manufactured home.

7.

On July 31, 2018, plaintiff filed bankruptcy protection under Chapter 7 of Title 11.

8.

Defendant was a secured creditor in plaintiff's bankruptcy case.

9.

Defendant's debt was secured by plaintiff's manufactured home.

10.

On July 31, 2018 plaintiff filed a schedule of secured creditors listing defendant's debt.

11.

On July 31, 2018 plaintiff filed a statement of intention to retain and reaffirm defendant's debt securing his manufactured home.

12.

On August 22, 2018, defendant filed a reaffirmation agreement signed by both plaintiff and defendant.

13.

On September 7, 2018, plaintiff attended his meeting of creditors.

**COMPLAINT** – Page 3 of 8

14.

On December 4, 2018, plaintiff and defendant attended a hearing regarding their reaffirmation agreement.

15.

At the December 4, 2018 hearing, the Court ruled that the reaffirmation agreement between plaintiff and defendant was not approved because approval would impose an undue hardship on plaintiff or a dependent of plaintiff.

16.

From July 31, 2018 to the date of this complaint, plaintiff complied with all legally enforceable provisions of his October 11, 2001 agreement with defendant.

17.

From July 31, 2018 to the date of this complaint, plaintiff made all required payments under his October 11, 2001 agreement with defendant.

18.

From July 31, 2018 to the date of this complaint, plaintiff maintained insurance on his manufactured home.

19.

From July 31, 2018 to the date of this complaint, plaintiff acted in good faith with respect to his October 11, 2001 agreement with defendant.

**COMPLAINT** – Page 4 of 8

20.

From July 31, 2018 to the date of this complaint, plaintiff complied with all applicable sections of the Bankruptcy Code.

21.

On December 27, 2018, the Court entered an order discharging plaintiff's debt to defendant and closing plaintiff's bankruptcy case.

22.

On December 27, 2018, defendant received actual notice through its attorney of the Court's discharge order and actual notice that the Court's discharge order applied to plaintiff's debt to defendant.

23.

In a letter to plaintiff dated January 3, 2019, defendant stated: "On October 11, 2001 you entered into a Consumer Loan Note/Retail Installment Contract or other agreement for the above listed manufactured home. The section entitled 'DEFAULT' lists the following reason as event of default: "…(j) Anything else happens that causes you to believe that you will have difficulty collecting the amount I owe you…" The letter further stated: "By discharging the debt in Bankruptcy, you are no longer personally liable for this debt and therefore 21st cannot collect any amounts from you. 21st Mortgage Corporation intends to move forward with replevin/foreclosure action to repossess the collateral."

**COMPLAINT** – Page 5 of 8

24.

Upon information and belief, plaintiff's October 11, 2001 agreement with defendant provides for the recovery of attorney fees and costs incurred to enforce the provisions of the agreement.

25.

From July 31, 2018 to the date of this complaint, plaintiff and his family have lived in the manufactured home as their permanent residence.

26.

From July 31, 2018 to the date of this complaint, Plaintiff has had no difficulty making his payments to defendant, and nothing has happened to give defendant a good faith belief that defendant would have difficulty collecting from plaintiff, especially considering that plaintiff's debts have been discharged in bankruptcy.

27.

Plaintiff and his family will be homeless if defendant is successful in its replevin/foreclosure action to repossess the manufactured home.

28.

## CAUSE OF ACTION

The October 11, 2001 agreement provision referenced in defendant's January 3, 2019 letter does not permit defendant to move forward with a replevin/foreclosure action to repossess plaintiff's manufactured home, either under the Bankruptcy Code, or under applicable state law, including and not limited to defenses, principles and doctrines based on unconscionability, bad faith, public policy, impracticability, unclean hands, illusory promise, estoppel, waiver, and laches.

29.

Under the Court's inherent and equitable power, and the Bankruptcy Code, including 11 U.S.C. §§ 105, 362, 365, 521, and 524, and under applicable state law according to the October 11, 2001 agreement, plaintiff seeks an order and judgment that he may retain his manufactured home so long as he stays current on payments and maintains insurance on the manufactured home, and for reasonable attorney fees and costs.

30.

## PRAYER FOR RELIEF

Plaintiff seeks relief as stated in paragraph 29, pre and post judgment interest, and any additional equitable relief this Court may determine is fair, necessary, or appropriate.

This is a core proceeding under 28 U.S.C. § 157(b) and plaintiff consents to entry of final orders and judgments by the Bankruptcy Court. Plaintiff demands trial by jury as to any issue to which he is entitled, and consents to have a jury trial conducted by the Bankruptcy Judge.

January 9, 2019

**RESPECTFULLY FILED,**

/s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Of Attorneys for Plaintiff
OlsenDaines
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-743-7000

**COMPLAINT** – Page 8 of 8